## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF SOUTH CAROLINA

IN RE:                                              C/A No. 16-03313-HB

Boulevard Entertainment Greenville,                 Chapter 11
LLC,
                                                    **ORDER DISMISSING CASE**
                              Debtor(s).

     **THIS MATTER** is before the Court to consider whether this case should be dismissed pursuant to 11 U.S.C. § 1112(b).[1] Linda Barr appeared at the hearing for Movant United States Trustee ("UST") to present evidence and several exhibits were admitted. Robert Cooper represented Debtor Boulevard Entertainment Greenville, LLC ("Boulevard") and Mark Sullivan, principal of Boulevard, testified at the hearing. A representative of Creditor Marvin's Produce, LLC was also present.[2] For the reasons set forth below, the relief requested in the Motion is granted.

### I.   FINDINGS OF FACT

     Boulevard operates as a jazz club and restaurant in Greenville, South Carolina. Boulevard filed this Chapter 11 on July 1, 2016 as a "small business debtor," defined in 11 U.S.C. § 101(51D).

     On September 2, 2016, the UST filed a motion requesting a status conference citing errors in Boulevard's monthly operating report and to address Boulevard's failure to procure adequate insurance. As a result of the September 13, 2016 status conference, the Court entered an Order stating Boulevard still did not have the noted insurances but agreed to obtain insurance on its personal property by September 23, 2016, and to update the UST

---

[1] ECF No. 46.
[2] *See* Order at ECF No. 54, entered Jan. 18, 2017.

on the status of its efforts to obtain workers compensation and dram shop insurances by September 23, 2016, and October 15, 2016, respectively.[3]    Several weeks after the deadlines passed, Boulevard's counsel provided the UST notice that Boulevard had obtained content insurance and liability insurance, but it is financing the insurance premiums.    Boulevard has been unable to obtain workers compensation insurance. Boulevard failed to timely pay the UST's quarterly fee due on October 31, 2016, as well as its post-petition taxes.    A review of Boulevard's October monthly report indicates it failed to pay rent, numerous payroll checks had not been cashed by employees, and there were insufficient funds to pay all employees if the checks were cashed.    The report failed to disclose whether Boulevard was current on its quarterly fees, whether it had paid its insurance premiums for the month, and whether it had paid any pre-petition bills post-petition.    A review of a filed tax claim indicates Boulevard is delinquent in filing pre-petition tax returns.

On December 13, 2016, the UST moved for dismissal pursuant to § 1112(b)(1) and (4)(B), (I), and (K).  Notice of the Motion was served on the same day, scheduling a hearing for January 17, 2017 at 9:30 a.m. and requiring a response on or before January 3, 2017. Boulevard failed to respond until January 16, 2017 (a federal holiday).

At the hearing, Sullivan attributed much of Boulevard's struggles to its experience with the company's attorney in a prior case and construction in the area surrounding the business.  He testified that the construction has now ended and even though Boulevard is still "crawling out of that hole," there is "light at the end of the tunnel" and it appears as if there is a "lifeline" for Boulevard due to its recent activity and events it has booked.  He

---

[3] ECF No. 32, entered Sept. 15, 2016.

testified that Boulevard was able to cure defaults in post-petition tax payments and the quarterly fee immediately before the hearing from recent deposits for future events to be held at Boulevard's business.  However, his testimony showed that all of Boulevard's post-petition rental deficiencies have not been cured and it did not indicate how cash flow will meet basic necessary expenses going forward.  Instead the evidence painted a picture of a business sustained post-petition by a combination of non-payment, late payment, writing checks drawn on insufficient funds, employee forbearance in cashing checks written for post-petition obligations, and cash flow from inadequately disclosed loans.

Sullivan testified that Boulevard retained an independent contractor to complete its monthly operating reports and admitted they were not completed correctly.  Despite the inaccuracies, the testimony did not dispute what the reports clearly show: each month Boulevard fails to break even and in fact loses money.  Even in the preceding months of this bankruptcy when taxes, quarterly fees, and rent were not paid, Sullivan admitted that Boulevard has not had a month where it did not incur bank fees for insufficient funds and monthly reports indicate substantial overdraft charges and insufficient funds fees post-petition.

When questioned about Boulevard's business plans, Sullivan's testimony was vague and did not present any pragmatic, feasible, approach to improving Boulevard's situation.  Rather, he conveyed only a hope that the tide has turned and things will get better.  Sullivan mentioned plans for a "fundraiser" that would be held soon, but gave no specifics of the financial impact this may have on Boulevard's cash flow or business.  He also testified that he hoped for a settlement with the City of Greenville over the effect of the construction on the business and stated a desired amount, but failed to communicate

sufficient detail regarding the timing of such events, any likelihood that such a claim will be successful, or that the amount he hopes to receive is supported by any facts.

Boulevard first filed for Chapter 11 relief on October 29, 2015, in Case No. 15-05775-hb.  That prior case was dismissed on the UST's Motion, without opposition from Boulevard. The dismissal Order entered on April 28, 2016, found cause for dismissal existed pursuant to § 1112(b)(1) and (4)(B), (I), and (K) based on gross mismanagement of the estate, failure to timely pay post-petition taxes, and failure to pay the UST's quarterly fee for the fourth quarter of 2015.[4]  The Order also found that a review of Boulevard's monthly operating reports supported the UST's assertions that Boulevard made transfers to an insider, did not pay its post-petition taxes, and incurred significant overdraft and insufficient funds charges.

Approximately two months after the prior case was dismissed this case was filed. After careful consideration of the evidence and an opportunity to observe the witness, the Court is not convinced that Boulevard's financial circumstances and business management practices have meaningfully changed since the filing and dismissal of its first Chapter 11 case.

## II.   DISCUSSION AND CONCLUSIONS

Section 1112(b)(1) of the Bankruptcy Code provides that a debtor's case may be dismissed or converted for "cause."  Section 1112(b)(4) sets forth a non-exhaustive list of examples of cause sufficient to warrant conversion or dismissal.  As a party seeking an order dismissing this case pursuant to § 1112(b)(1), the UST bears the burden of

---

[4] ECF No. 35 (C/A No. 15-05775-hb).

4

establishing cause. *In re Congaree Triton Acquisitions, LLC*, 492 B.R. 843, 850 (Bankr. D.S.C. 2012) (citations omitted).

The UST seeks dismissal of this case for cause pursuant to the following subsections of § 1112(b)(4): (B) gross mismanagement of the estate; (I) failure to timely pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief; and (K) failure to pay any fees or charges required under chapter 123 of title 28. "The presence of any one of these statutory factors, or other factors deemed important by the bankruptcy court, is sufficient to warrant dismissal or conversion." *Id.* at 851 (quoting *Jackson v. U.S. (In re Jackson)*, No. 96–1357, 1997 WL 467534 at *3 (4th Cir. 1997 Aug. 15, 1997)).

Based on the evidence presented by the UST and Sullivan's testimony, the UST has met its burden in establishing cause for dismissal under § 1112(b)(1). The Court cannot ignore the uncontroverted evidence that Boulevard has incurred post-petition—and continues to incur—significant bank overdraft charges and insufficient funds fees each month, has generated a cumulative loss post-petition, continues to fall deeper into the red each month, is unable to timely pay its employees as evidenced by the uncashed checks, and failed to timely pay its regular obligations including rent, post-petition taxes, and the UST's quarterly fees. Boulevard's failure to file accurate monthly operating reports is another example of its gross management of the estate. "Monthly reports and the financial disclosures contained within them 'are the life-blood of the Chapter 11 process and are more than 'mere busy work.'" *Congaree Triton Acquisitions, LLC*, 492 B.R. at 852 (quoting *In re Whetten*, 473 B.R. 380, 383 (Bankr. D. Colo. 2012)). Each of the foregoing

demonstrates a gross mismanagement of the estate under § 1112(b)(4) since the filing of this second petition.

Failure to pay certain post-petition taxes and the UST's quarterly fees on a timely basis alone constitute cause for dismissal under § 1112(b)(4)(I) and (K).  Curing these serious deficiencies immediately before the hearing does not negate the fact that Boulevard failed to do so in a timely manner, did not have sufficient cash to do so and operate appropriately, and this cash flow deficiency continues.  Accordingly, the UST has met its burden of establishing cause under § 1112(b)(1).

"Upon the establishment of cause by a party in interest, the dismissal or conversion[5] of a case is mandatory, unless the debtor can establish evidence that satisfies the specific requirements set forth in § 1112(b)(2)." *Id.* at 850 (footnote and citations omitted).  Section 1112(b)(2) provides:

> The Court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing is not in the best interests of the creditors and the estate, and the debtor or any other party interest establishes that—
>
> (A) there is reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and
>
> (B) the grounds for granting such relief include an act or omission of the debtor other than paragraph (4)(A)—
>
>> (i)  for which there exists a reasonable justification for the act or omission; and
>>
>> (ii)  that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. § 1112(b)(2).

---

[5] No party asserted that conversion is the appropriate course of action.

As an initial matter, in order for Boulevard to prevent a dismissal of this case, the Court must find and specifically identify "unusual circumstances establishing that converting or dismissing is not in the best interests of the creditors and the estate." *Id.*

> Although "unusual circumstances" is not defined by the Bankruptcy Code, "courts have determined that it contemplates conditions that are not common in most chapter 11 cases. Such conditions must not only be unusual, they must also demonstrate that dismissal or conversion is not in the best interest[s] of creditors and the estate."

*Congaree Triton Acquisitions, LLC*, 492 B.R. at 855 (quoting *In re Van Eck,* 425 B.R. 54, 63 (Bankr. D. Conn. 2010)). Moreover, even if such unusual circumstances are found and identified, Boulevard must also establish the following: (1) there is a reasonable likelihood that a plan will be confirmed within reasonable period of time; (2) the grounds for conversion or dismissal include an act or omission other than the cause set forth in § 1112(b)(4)(A) for which there is a reasonable justification for the act or omission; and (3) such act or omission will be cured within a reasonable period of time fixed by the court. 11 U.S.C. § 1112(b)(2)(A) and (B).

Although Boulevard mentioned construction surrounding its location and attempted to shift some responsibility to its prior attorney, Boulevard failed to show an adequate causal connection between these circumstances and its current post-petition difficulty in this case, or to quantify with any detail how and to what degree the business has or will improve in a manner sufficient to pay creditors. Overall, Boulevard has not shown unusual circumstances from which the Court could find it established that dismissal is not in the best interests of creditors.

Boulevard also has not satisfied the additional requirements set forth in § 1112(b)(2)(A) and (B). Boulevard failed to provide any credible evidence of a reasonable likelihood that a plan will be confirmed within a reasonable period of time. Although

Boulevard is not yet required to file a plan and disclosure statement, it failed to provide any credible evidence of sufficient business volume to prevent additional significant operating losses in the coming months or any future business plan that would be essential for Boulevard to reorganize. The Court also finds Boulevard failed to demonstrate a reasonable justification for the acts or omissions the UST alleges constitute cause to dismiss this case under § 1112(b)(4). There is no reasonable justification for the significant overdraft charges and insufficient funds fees incurred by Boulevard, or its failure to properly complete its monthly reports. Boulevard also failed to provide any reasonable justification for the substantial operating losses it has incurred since the petition date. The only reason the Court can surmise from the record for Boulevard's failure to timely pay its post-petition obligations, including taxes and the UST's quarterly fees, is simply because Boulevard is not generating enough revenue to cover its basic costs. Based on the evidence presented at the hearing, Boulevard failed to convince the Court that its continued operations will not result in greater operating losses to the detriment of its creditors. The Court finds that no argument set forth by Boulevard was sufficient to overcome the cause dismissal pursuant to § 1112(b)(1) established by the UST.

**IT IS, THEREFORE, ORDERED** that Boulevard's Chapter 11 case is hereby dismissed.

**AND IT IS SO ORDERED.**

**FILED BY THE COURT**
**01/24/2017**



US Bankruptcy Judge
District of South Carolina

8

Entered: 01/24/2017